UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DAMON A. STARKS, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | Case No. 4:18CV00656 SNLJ |
| TROY STEELE, | ) |  |
| Respondent. | ) |  |

# MEMORANDUM AND ORDER

This case is before the Court on Damon A. Starks' petition for writ of habeas corpus, which has been fully briefed. Petitioner resides at the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri, Missouri, due to the sentence and judgment of the St. Louis City Circuit Court. In a bench trial, the court found him guilty of possession of a controlled substance with intent to deliver and possession of a controlled substance, and the court sentenced him to concurrent terms of ten years' imprisonment in the Missouri Department of Corrections. The conviction and sentence were confirmed on direct appeal (Respondent's Exhibit E), his Rule 29.15 motion was denied (Respondent's Exhibit G) and subsequently the denial was affirmed on appeal (Respondent's Exhibit I).[1]

---

[1] Starks also has a twenty-year sentence for possession of a controlled substance that he does not challenge in this petition.

## LEGAL STANDARDS

Federal habeas review exists only "as 'a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (per curiam) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)). "[I]n the habeas setting, a federal court is bound by AEDPA [the Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may not grant relief to a state prisoner with respect to any claim that was adjudicated on the merits in the State court proceedings unless the state court's adjudication of a claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

To preserve a claim for federal habeas review, a state prisoner "must present that claim to the state court and allow that court an opportunity to address [his or her] claim." *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "Where a petitioner fails to follow applicable state procedural rules, any claims not properly raised before the state court are procedurally defaulted." *Id*. The federal habeas court will consider a procedurally defaulted claim only "where the petitioner can establish either cause for the default and actual prejudice, or

that the default will result in a fundamental miscarriage of justice." *Id*. (citing *Sawyer v. Whitley*, 505 U.S. 333, 338-39 (1992)).

## DISCUSSION

Starks presents four grounds for relief, none of which rise to the high level required by Congress for issuance of a writ of habeas corpus under 28 U.S.C. § 2254.

Starks' first ground for relief is that his fourth amendment rights were violated because there was not probable cause for his arrest (Doc.1, p. 5). Before trial, Starks filed a motion to suppress evidence (Respondent's Exhibit B, p. 20, 22). The motion was taken with the case (Tr. 87-91). The trial court overruled the motion to suppress (Tr. 92). Starks presented the claim on direct appeal (Respondent's Exhibit C). The Missouri Court of Appeals found the claim was meritless (Respondent's Exhibit E). The record amply shows that this claim – adjudicated on the merits – was not one that "(1) resulted in a decision that was based on an unreasonable application of clearly established Federal law…; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented…." 28 U. S. C. § 2254(d).

Starks' second ground for relief contains multiple claims of ineffective assistance of trial counsel (Doc.1, p. 6). First, Starks complains that counsel advised him to have a bench trial (Doc.1, p. 6). Starks did not present that contention in his amended Rule 29.15 motion (Respondent's Exhibit I, p. 4) or on Rule 29.15 appeal (Respondent's Exhibits G; Respondent's Exhibit I, p. 5). The failure to present this contention in the Rule 29.15 litigation constitutes procedural default that precludes review in a federal habeas petition.

3

*Sweet v. Delo*, 125 F.3d 1144, 1149-50 (8th Cir. 1997). Federal court review of the claim is barred.

The second aspect of the second ground is a claim that Starks received ineffective assistance of trial counsel because counsel did not call Starks to testify on his own behalf (Doc.1, pp. 6-7). The court of appeals found the claim was meritless because Starks knowingly and voluntarily waived his right to testify at the time of trial (Respondent's Exhibit I, p. 10). That determination is a reasonable one that should receive deference under 28 U.S.C. § 2254(d). As articulated by the appellate court, there is support in the record for the conclusion (Respondent's Exhibit I, pp. 10-12).

The final aspect of the second ground for relief is that Starks received ineffective assistance of trial counsel because counsel "failed to contact the witnesses for defense statements, nor was the witnesses called to testify" (Doc.1, p. 7). If one interprets the claim as a claim of ineffective assistance of trial counsel because counsel did not call Ingram or Mrs. Starks (wife of petitioner Starks), then respondent notes that the court of appeals found these claims were meritless on post-conviction appeal (Respondent's Exhibit I, pp. 6-9). These merits determinations are reasonable ones that should receive deference under 28 U.S.C. § 2254(d). The court applied the legal standard from the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984) (Respondent's Exhibit I, pp. 5-6). As articulated by the appellate court, there is support in the record for the determinations (Respondent's Exhibit I, pp. 7-9). Alternatively, if one interprets the claim as involving different witnesses, then Starks did not litigate the claim in the Rule 29.15

4

litigation. In that situation, the claim is procedurally barred from review. *Sweet v. Delo*, 125 F.3d at 1149-50.

In addition, the claim fails on the merits. Starks fails to allege who these witnesses might be, what the subject matter of their testimony might be, and what defense theory their testimony might support. Starks fails to allege facts that might have created a duty in trial counsel to investigate and call these witnesses. Starks fails to allege facts showing *Strickland* prejudice.

Starks' third and fourth grounds for relief are also based on ineffective assistance of trial counsel. In ground three, he contends that counsel did not use information that was developed through a "sunshine request" (Doc. 1, p. 8). He also contends counsel did not send him information generally (Doc.1, p. 8). The fourth ground for relief complains that counsel stipulated to evidence without reviewing the chain of custody, did not object to state witnesses and failed to challenge statements by state witnesses (Doc.1, p. 11). Starks did not present these contentions in his amended Rule 29.15 motion (Respondent's Exhibit I, p. 4) or on Rule 29.15 appeal (Respondent's Exhibits G; Respondent's Exhibit I, p. 5). The failure to present these contentions in the Rule 29.15 litigation constitutes procedural default that precludes review in a federal habeas petition. *Sweet v. Delo*, 125 F.3d at 1149-50. Federal court review of the claims is barred.

Alternatively, the latter claim – ground four – fails on the merits. Starks makes only conclusory allegations without suggesting a reason not to stipulate or reason to object to evidence or to witnesses. Starks fails to allege facts showing counsel had a duty or an ability to "challenge statements." Finally, Starks fails to allege any facts creating a

5

reasonable probability that the outcome of the trial would have been different. As to the former allegation – that counsel should have used information petitioner developed through a "Sunshine Law" request – petitioner points to police logs showing that there were no complaint calls on petitioner's residence. The absence of any entries of complaints, petitioner argues, proves that the police had no grounds to justify surveillance on his home. This Court gratuitously allowed petitioner to supplement the record with this police log, but it does not support his argument. The officer in question indicated simply that he "received complaints of drug sales both from the house at 1415 Union and from the liquor store," and that there "was a specific one from an elderly gentleman that lives on the block." There is no indication that these were formal complaints that would be logged in at the police department as opposed to informal complaints made informally to the officer himself. Again, there is no reasonable probability that the outcome of the trial would have been different.

## CONCLUSION

For the foregoing reasons, the petition is denied.

**SO ORDERED** this 9th day of April, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE